IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YAZMIN MORALES-PENA,

    Plaintiff,

       v.                                CIVIL NO. 15-2281 (PAD)

HOSPITAL SANTA ROSA, INC. et al.,

    Defendants.

## MEMORANDUM AND ORDER

Delgado Hernández, District Judge

    Yazmin Morales-Pena initiated this action against several medical institutions, individual medical doctors, and their corresponding insurance companies, including Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria ("SIMED") as insurer for Dr. Fernando L. Mateo-Enomoto (Docket No. 1).

    SIMED moved for dismissal under Fed. R. Civ. P. 12(b)(6), arguing that at the time it received the complaint, it had no claims-made policy in force issued on behalf of Dr. Mateo-Enomoto (Docket No. 16). The court ordered plaintiff to respond to SIMED's motion not later than November 20, 2015 (Docket No. 17).[1]

    Plaintiff's claims against SIMED are predicated on that company's insurer-insured relationship with Dr. Mateo. To that end, the complaint states that SIMED had an insurance policy issued on behalf of Dr. Mateo covering the risks alleged therein (Docket No. 1 at ¶ 16). But SIMED has credited that no such policy exists, by way of a Sworn Statement from Mrs. María del

---

[1] As of today, no opposition has been filed, nor has a request for an extension of time to do so.

Carmen Alfonso Valle, its Underwriting Manager (Docket No. 17, Exhibit 1).[2] Without a policy linking SIMED to the asserted insured, the claim against it fails and must be dismissed. See, Bauz-Gonzalez v. Presbyterian Community. Hosp., Inc., 60 F.Supp.3d 324, 327 (D.P.R. 2014)(finding that plaintiff's claims against SIMED failed as a matter of law, for at the time the complaint was filed the insured did not had a claims-made policy in force with the company); Chaparro-Feliciano v. Díaz, 2009 WL 921132, at *2 (D.P.R. Mar. 31, 2009)(dismissing plaintiff's claims against SIMED after finding the insured doctor was not a policy holder during the relevant times giving rise to the complaint). Therefore, SIMED's "Motion to Dismiss" (Docket No. 16) is GRANTED, and plaintiff's claims against SIMED are DISMISSED WITH PREJUDICE. Partial Judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of November, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[2] Barring narrow exceptions, the court may not consider documents outside the pleadings when evaluating a motion to dismiss. Where a complaint's factual allegations are expressly linked to a document, that document effectively merges into the pleadings. Perry v. New Eng. Bus. Serv., 347 F.3d 343, 345 (1st Cir. 2003). The complaint here refers to an insurance policy. The sworn statement attached to SIMED's motion effectively negates the policy's existence, and has not been challenged. With that in mind, the court has reviewed the document in determining whether the complaint should be dismissed under Fed.R.Civ.P. 12(b)(6).